IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROL J. CAULEY, *et al.,*             *

       Plaintiffs,                 *

          v.                   *       Civil Action No.: RDB-09-772

OAKFIRST LOAN CENTER, LLC., *et al.,* *

       Defendants.             *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiffs Carol J. Cauley and William A. Taccino ("Plaintiffs") filed this *pro se* action against Defendants OakFirst Loan Center LLC ("OakFirst") and its President and CEO, Larry King ("Defendants").[1] Plaintiffs purport to assert claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"). Pending before this Court is Defendants' Motion to Dismiss (Paper No. 7). Defendants' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendants' Motion to Dismiss (Paper No. 7) is GRANTED.

## <u>BACKGROUND</u>

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Plaintiffs' unclear Complaint concerns personal loans that OakFirst Loan Center, LLC granted Plaintiffs Carol J. Cauley and William A. Taccino.

---

[1] Robert Kurtz is also named as a defendant, but Plaintiffs state in their Reply that they made an error in listing him as a defendant, and that "he is not a defendant." Pls.' Reply. at ¶8.

On April 27, 2005, Cauley received a loan from OakFirst for $3042.24.  Compl. ¶ 8.  On

September 28, 2005, Cauley received a second loan from OakFirst for $3431.43.  *Id*. ¶ 11.

Cauley secured both loans with collateral consisting of her cars and household goods.  *Id*. ¶¶ 8,

11.  At an unspecified time in 2007 or 2008, Cauley's loan became delinquent.  *Id*. ¶ 13.  In

March 2008, OakFirst obtained a judicial decree confirming her failure to comply with the terms

of the loan agreement and received a judgment against Cauley for $2000.  *Id*.

It appears that during unspecified periods in 2005 and 2006, Taccino received six

different loans from OakFirst which were similarly secured by Taccino's household goods.  *Id*. ¶

25.

Plaintiffs attempt to bring eighteen separate claims against Defendants.  In Counts I, II,

and III, Plaintiffs appear to dispute the validity of their debt, alleging violations of the Truth in

Lending Act.  In Counts XXII through XV, Defendants endeavor to allege unfair and deceptive

lending practices in violation of Federal Trade Commission Act, 16 C.F.R. 444.2(a)(4).  The

remaining counts allege fraud, misrepresentation, aiding and abetting and conflicts of interest

with respect to the loan.  Pursuant to these claims, Plaintiffs appear to seek monetary damages.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Rule 12(b)(6) of the

Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim

upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6)

motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief

that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" in order to survive a motion to

dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to

be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial

deference. *See id.* (stating that "courts are not bound to accept as true a legal conclusion couched

as a factual allegation") (citations omitted).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be

supported by factual allegations that "raise a right to relief above the speculative level." *Id.* The

Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v.

Iqbal*, 129 S. Ct. 1937, 1949 (2009). On a spectrum, the plausibility standard requires that the

pleader show more than a sheer possibility of success, although it does not impose a "probability

requirement." *Id*. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and

common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I.      Truth in Lending Act Claims

TILA requires creditors to make specific disclosures before extending credit to

consumers. 15 U.S.C. § 1638(a), (b). Suits claiming violations of TILA must be brought within

one year of the statutory violation. 15 U.S.C. § 1640(e) (2006); *Sparrow v. SLM Corp.,* 2009

U.S. Dist. LEXIS 1432, at *5-6 (D. Md. Jan. 7, 2009) (granting dismissal with prejudice of

Plaintiff's TILA claims where more than one year elapsed between the time Plaintiff applied for

loans and the time she filed a complaint).

In this case, the statute of limitations on Plaintiffs' TILA claims has expired.  Cauley

entered into her loans in 2005 and Taccino entered into his loans in 2005 and 2006.  This lawsuit

was filed in 2009, which is over three years after the most recent loan agreement.  Thus,

Plaintiffs' TILA claims are time-barred.

## II.     Unfair and Deceptive Lending Practices Claims

Plaintiffs allege unfair and deceptive lending practices in violation of "Title 16

444.2(a)(4)."  Compl. ¶51, 55.  Plaintiffs presumably intend to cite the Federal Trade

Commission Act, 16 C.F.R. 444.2(a)(4).  This regulation makes it an unfair credit practice for a

lender to receive an obligation from a consumer that "constitutes or contains a nonpossessory

security interest in household goods other than a purchase-money security interest."  *Id.*

However, the Federal Trade Commission Act regulations do not create private causes of action.

*See Piche v. Clark County Collection Serv.*, 119 Fed. Appx. 104, 106 (9th Cir. 2004); *A & E*

*Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 675 (4th Cir. 1986).  Accordingly,

Plaintiffs cannot bring a claim under this Act.

## III.    Subject Matter Jurisdiction

The jurisdiction of the federal courts is limited.  Federal jurisdiction is available only

when a "federal question" is presented or the parties are of diverse citizenship and the amount in

controversy exceeds $ 75,000.00.  *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332.  There

is no presumption that jurisdiction is vested in the Court.  *See Pinkley, Inc. v. City of Frederick*,

191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing diversity jurisdiction rests with the

party seeking to litigate in federal court.  *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 45

(M.D.N.C. 1996); *see also, e.g., Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001).

### A.  Federal Question Jurisdiction

There are only two possible federal questions raised in the Complaint.  First, Plaintiffs

allege violations of the federal Truth in Lending Act.  Second, Plaintiffs allege violations of the

Federal Trade Commission Act.  As discussed above, Plaintiffs' TILA claims are time-barred,

and the Federal Trade Commission Act does not create a private right.  Plaintiffs' remaining

claims for insurance fraud, misrepresentation, and aiding and abetting are not based upon any

federal statutes.  Accordingly, there is no federal question presented.

### B.  Diversity Jurisdiction

Plaintiffs also claim that this Court has jurisdiction because "diversity exists."  Compl.

¶7.  Plaintiffs appear to misunderstand the requirements of diversity.  Plaintiffs state that they are

both residents of Maryland.  Compl. ¶3.   Plaintiffs also state that OakFirst "is a finance

company chartered in the State of Maryland."  Compl. ¶6.  Although Plaintiffs allege that

Defendant Larry King is a resident of West Virginia, Compl. ¶4, they cite a Maryland address for

King, and served King at this address.  Compl. at 14.  Because Plaintiffs and at least one

Defendant are Maryland residents, there is no diversity of citizenship between the parties.  *Exxon*

*Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (U.S. 2005) ("In a case with multiple plaintiffs

and multiple defendants, the presence in the action of a single plaintiff from the same State as a

single defendant deprives the district court of original diversity jurisdiction over the entire

action.").

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Paper No. 7) is

GRANTED and Plaintiffs' Complaint is DISMISSED.  A separate Order follows.


Dated: January 4, 2010                                   /s/_____
                                                                   Richard D. Bennett
                                                                   United States District Judge